**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYAN P. BOOTE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:20-00173** |
| **v.** | : | **(JUDGE MANNION)** |
| **FINANCE OF AMERICA** | : | |
| **MORTGAGE, LLC AND** | | |
| **LOANCARE, LLC,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is defendants Finance of America Mortgage, LLC and LoanCare, LLC's motion to dismiss (Doc. 6) plaintiff Bryan P. Boote's complaint (Doc. 2). For the reasons that follow, defendants' motion to dismiss will be granted. Pursuant to 28 U.S.C. §1367(c), the remaining state law claims, which came before this court on the basis of supplemental jurisdiction, will be remanded to state court for further proceedings.

## I.   Background

Defendant LoanCare, LLC ("LoanCare") is a servicer or sub-servicer of a loan plaintiff purchased in connection with his acquisition of certain real property in Luzerne County, Pennsylvania. (Doc. 2 at ¶¶7, 9). On or about

November 4, 2017, Steven Thomas ("Steven") knocked on the door of plaintiff's residence, claiming he was "with the mortgage company." (Doc. 2 at ¶17). Despite the plaintiff's refusal to grant him entry, Steven attempted to forcibly enter plaintiff's residence and refused to vacate the property. *Id*. at ¶¶18-21.

On November 15, 2017, LoanCare wrote to plaintiff that neither of the defendants had employed Steven as a property inspector. (Doc. 2 at 19). LoanCare averred that, upon a "thorough investigation," no property inspector was sent to plaintiff's residence on November 4, 2017. *Id*. After receiving LoanCare's statement, plaintiff was approached by a woman who identified herself as "Donna." (Doc. 2 at ¶28). Donna informed plaintiff that LoanCare had hired her to preserve plaintiff's property and she in turn had paid Steven six dollars to perform the task. *Id*.

On December 18, 2019, the plaintiff filed a complaint in the Court of Common Pleas of Luzerne County. (Doc. 2). The complaint consists of claims for trespass (Count I), negligent hiring and negligent supervision (Count II), and violation of the Fair Debt Collection Practices Act ("FDCPA") (Count III).[1] *Id*. Defendants removed the action to this court on January 31,

---

[1] The plaintiff's complaint appears to mislabel the FDCPA claim as "Count II." In the interest of clarity, the court refers to the FDCPA claim in plaintiff's complaint, (Doc. 2 at ¶¶47-52), as Count III.

2020[2] and filed a motion to dismiss as well as a brief in support of their motion on February 7, 2020. (Docs. 6,7). Plaintiffs filed a brief in opposition to defendants' motion to dismiss on February 25, 2020, to which defendants replied on March 10, 2020. (Doc. 12). As the motion to dismiss has been fully briefed, it is now ripe for disposition.

## II.    **<u>Standard of Review</u>**

Fed.R.Civ.P.12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be

---

[2] The court notes that defendants did not file a notice of removal within 30 days after the receipt of plaintiff's initial pleading, as required pursuant to 28 U.S.C. §1446(b)(1). Nonetheless, because plaintiff has not filed a motion to remand the case, the court will adjudicate this motion to dismiss. *See In re FMC Corporation Packaging Systems Div.*, 208 F.3d 445 (3d Cir. 2000) (holding a district court exceeds its authority under 28 U.S.C. §1447(c) when it "raises *sua sponte* a procedural defect in the petition for removal and remands the case on that basis") (emphasis added).

sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Moreover, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (*quoting Twombly*, 550 U.S. 544 at 555).

In ruling on a motion to dismiss, the court generally considers the complaint, exhibits attached to the complaint, and matters of public record. *In re Lengyel*, No. 3:CV–13–2821, 2014 WL 2003099 (M.D.Pa. May 15, 2014) (*citing Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

### III.  <u>Discussion</u>

#### a.  FDCPA

Count III of plaintiff's complaint presents a claim of violation of the FDCPA. (Doc. 2 at 12-13); 15 U.S.C. §1692 *et seq*. For the following reasons, the court will dismiss Count III of plaintiff's complaint with prejudice.

This court agrees with defendants' assertion that plaintiff's FDCPA claim is barred by the applicable statute of limitations. *Id*. Under the FDCPA, "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court ... within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). In the Third Circuit, a claim under 15 U.S.C. §1692k(d) runs from "the date on which the violation occurs," not when it is discovered. *See Rotkiske v. Klemm*, 890 F.3d 422, 434 (3d Cir. 2018).

Here, the alleged violation of the FDCPA – Thomas's trespass onto plaintiff's property and defendants' subsequent denial that it had hired Thomas – occurred in November of 2017, over one year before plaintiff filed his complaint on December 18, 2019. (Doc. 7 at 8; Doc. 2 at 3). Plaintiff has not raised any arguments addressing whether plaintiff's claim is barred by the statute of limitations. The only argument plaintiff raises regarding his FDCPA claim is that LoanCare should be deemed a "debt collector" under the FDCPA, which the FDCPA's one-year statute of limitations renders moot. (Doc. 11 at 13). Since granting leave to amend is futile here, this court accordingly dismisses the plaintiff's FDCPA claim with prejudice. *Great W. Mining & Mineral Co. v. Fox Rothschild*, 615 F.3d 159, 175 (3d Cir. 2010)

(affirming district court's dismissal of case with prejudice where granting leave to amend would have been futile).

### b. Remaining State Law Claims

The plaintiff's remaining claims, Counts I and II, trespass as well as negligent hiring and negligent supervision respectively, arise under state law. (*See* Doc. 2 at 9-11). A federal court has supplemental jurisdiction over any state law claim arising out of the same case or controversy as those claims over which the court has original jurisdiction. 28 U.S.C. §1367(a). But a district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). "A district court 'may decline to exercise supplemental jurisdiction' over state law claims if it 'has dismissed all claims over which it has original jurisdiction[,]' unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction." *See Patel v. Meridian Health System, Inc.*, 666 Fed.Appx. 133, 136 (3d Cir. 2016) (*citing Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

As previously explained, the sole federal claim in this action will be dismissed with prejudice. The remaining claims, trespass as well as negligent hiring and negligent supervision, originate under state law and

come before this court under supplemental jurisdiction. Principles of comity and judicial economy suggest that this court, in its exercise of discretion, should decline to address the pendent state law claims. *See Patel*, 666 Fed.Appx. at 136-7 (finding district court did not abuse its discretion in declining to exercising supplemental jurisdiction over appellants' remaining state law claims "[g]iven the absence of federal claims and of any extraordinary factors warranting supplemental jurisdiction"). Thus, this court declines to continue to exercise supplemental jurisdiction over the remaining claims in this case and will remand those claims to state court.

IV. **Conclusion**

For the foregoing reasons, the defendants' motion to dismiss, (Doc. 6), will be granted. The remaining state law claims, trespass as well as negligent hiring and negligent supervision, against defendants will be remanded to state court.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 12, 2021**
20-00173-01